The opinion of the Court was delivered by.
Richardson, J.
To answer these objections to the decision of the judge, I have but to inquire, as in the case of McDonald and Bonner v. Elfe, 1 Nott & M’Cord, 504, for what prohibition lies ? “ The complaint should be that the party aggrieved has been drawn ad aliud examen by a jurisdiction usurped, or by a process disallowed by the laws.” See 2 Inst.-229, 243, 607. 2 H. Black. 100. “The general ground,” says the last authority, “being an excess of jurisdiction, when they assume a power to act in matters not within their cognizance.” Lord Loughborough goes on to state, in the same well considered case, *620 Grant v. Sir Charles Gould, in which the charge of irregularity was directly in question, one other ground of prohibition, “ which is indeed,” he continues, “but a species of the other, to wit, that where the authority is limited by Act, (meaning an authority which was before inherent in the Inferior Court,) the Court which acted differently from the prescription of the Act, exceeded its jurisdiction, and is, therefore, liable to prohibition. Beyond these two grounds,” said the judge, “it does not occur to me that there is any other which can be stated,, upon which the Courts of Westminster Hall can interfere in the procedings of other Courts, where the matter is within their jurisdiction.” Coming directly to the charge of irregularity in the proceedings, he says, (p. 101,) “ the most that can be made of it, is an error in the proceedings, but we cannot prohibit on that account.” The doctrine, then, is well settled, and to grant a prohibition in this case, would be to exercise appellate powers, and to review the proceedings. But that we cannot do.
Blanding, for relator. Butler, for defendant.
The relator does not deny that he was cited to attend the Court; but he did not appear, and judgment passed by default. What evidence was *4-121 Educed to *show that he had been summoned to turn out at the -* musters, and had failed to do so, does not appear. If insufficient, that would be matter of appeal, and not a ground for prohibition. If notice of the precise charge against the relator was not given, that, too, would be merely a ground of appeal, but such irregularity, though it may be good cause to review, cannot place the case out of the jurisdiction of the militia Court. Wherever the party is aggrieved, he has an appeal to the officers of the regiment, after notice of the fine imposed. Mil. M. L. 44, sec. 130.[1] And unless there be an appeal, a subsequent Act (Mill. 54, see. 1T9,[2]) mates the sentence in express terms, “final and conclusive, when approved” by the officer ordering the Court. So that the statute conspires with the general doctrine to prevent this Court from interfering. The motion is, therefore, dismissed.
CoiiOOOK, Nott, Gantt, and Johnson, JJ., concurred.
See 1 K. & McC. 504, and ante, Harp. 311, 511; 2 McC. 240.

 8 Stat. 516.

 8 Stat. 529, § 3.